UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CRISTINA WHITING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-541-J |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The Social Security Administration (SSA) denied Plaintiff's application for social security benefits and Plaintiff filed suited under 42 U.S.C. § 405(g) seeking judicial review of the decision. The matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 626(b)(1)(B), (C). Defendant filed the administrative record and both parties briefed their positions. Thereafter, Judge Erwin issued a Report and Recommendation recommending that the SSA's decision be reversed and remanded for further consideration. (Rep. & Rec.) [Doc. No. 25]. Defendant has objected (Def.'s Obj.) [Doc. No. 26], triggering de novo review.

Relevant here, the SSA's administrative law judge (ALJ) found that Plaintiff suffers from severe mental disorders and non-severe mal seizures and obesity and could perform medium work with both exertional and nonexertional limitations. [Doc. No. 16-2 at 16-17, 20].[1] Seeking judicial review, Plaintiff argued the ALJ ignored Dr. Sidney Williams, M.D.'s medical opinion that Plaintiff had a "[r]estricted ability to stand or sit over 1 hour w/o moving about" and that the failure

---

[1] Citations refer to this Court's CM/ECF pagination.

to acknowledge or weigh the opinion is not harmless because with such a limitation, Plaintiff could not perform medium work.  [Doc. No. 19 at 3-7].  Defendant disagreed, arguing (1) substantial evidence supported the ALJ's severe vs. non-severe findings; (2) the ALJ properly relied on the State agency opinions which conflicted with Dr. Williams' finding; (3) the ALJ would have been justified in rejecting Dr. Williams' opinion; and (4) any error was harmless because the record did not support any "functional abnormality."  [Doc. No. 22 at 7-15].

Judge Erwin analyzed Plaintiff's argument and specifically addressed each of Defendant's objections.  Thereafter, he concluded that the ALJ committed legal error in failing to evaluate Dr. Williams' opinion and provide specific reasons for either adopting or rejecting it.  *See* Rep. & Rec. at 4-10.  Also finding that the error was not harmless, Judge Erwin recommended that the decision be reversed and remanded to the SSA.  *See id.* at 9-11.

In his objection, Defendant raises essentially the same arguments as he did in his response brief.  *See* [Doc. No. 26].  Having reviewed that objection, the pleadings, and the administrative record de novo, the Court agrees with Judge Erwin's findings.  As this Court has consistently held, an ALJ may not ignore a medical opinion even if it is related to a non-severe impairment.  *See Brooker* v. *Saul*, No. CIV-20-398-P, 2021 WL 1392860, at *5 (W.D. Okla. Apr. 13, 2021) ("[A]n ALJ is required to explain ambiguities and material inconsistencies in the evidence and to explain why he did not adopt a medical opinion which conflicts with the [residual functional capacity assessment]."); *Cabe v. Saul*, No. CIV-20-122-STE, 2021 WL 1225885, at *3 (W.D. Okla. Mar. 31, 2021) ("'all medically determinable impairments, severe or not, must be taken into account'" (citation omitted)).  And while the ALJ may ultimately reject Dr. Williams' opinion for any of the reasons Defendant proffers, this Court will not engage in post hoc rationalizations to salvage the ALJ's decision.  *See Frost v. Saul*, No. CIV-19-444-J, 2020 WL 68586, at *3 (W.D. Okla. Jan. 7,

2020) ("the Court cannot accept post-hoc explanations").  Finally, the Court notes that if the ALJ does not reject Dr. Williams' opinion, it could arguably alter the finding that Plaintiff can engage in medium work.  As such, the ALJ's error is not harmless.

    Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 25] and REVERSES AND REMANDS the SSA's decision.

    A separate judgment will follow.

    IT IS SO ORDERED this 15th day of April, 2021.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE